[Civ. No. 14043. First Dist., Div. Two. Oct. 14, 1949.]

F. BRUCE MAIDEN & COMPANY (a Corporation), Appellant, v. L. LIPPOW, Respondent.

Irving M. Liner for Appellant.

Hoey, Hoey & Fenstermacher for Respondent.

NOURSE, P. J.—Plaintiff sued on two written agreements, both executed at the same time. Neither agreement was pleaded *in haec verba* or incorporated by reference in the

complaint. Judgment was given plaintiff on the first agreement, but the trial court refused to admit evidence of the second agreement and gave judgment thereon to defendant. This ruling is the pertinent issue on plaintiff's appeal from that portion of the judgment.

The facts are undisputed and may be stated briefly. The first agreement was the common contract for a broker's commission on the sale of defendant's real property for $175,000. It called for payment to plaintiff of the sum of $5,625 as commission for the production of a buyer ready, able and willing to purchase on the stipulated terms. The second contract, executed by defendant alone at the same time, reads in part: "Under even date herewith I have given you an option to sell the Travelers Hotel at Martinez, California, for the sum of $175,000.00 upon certain terms. . . .

"It is now mutually agreed between us that if said sale is consummated upon the terms laid down in said contract, or upon any other terms to which I may later agree, *I will at the time of consummation of said sale, and not otherwise,* pay you the *additional* sum of $3,125.00.'' (Emphasis added.)

Under well settled rules of law the broker was entitled to his commission under the first contract when he produced a purchaser ready, able and willing to buy under the terms specified. Hence, the obligation of respondent under that contract was not dependent upon a consummation of the sale. This is not true of the second contract. There the seller was obligated to pay the broker only upon consummation of the sale "upon the terms laid down" or upon other terms to which the seller might agree. Since it was "subscribed by the party to be charged" it was a sufficient "memorandum" of an agreement to pay under the terms of section 1624, subdivision 5 of the Civil Code.

This second contract is open to the interpretation that the seller agreed to pay something in the nature of a bonus if the broker was successful in consummating a sale. Since the evidence is that the sale was consummated on terms agreed to by the seller and that the broker produced the ultimate purchaser, it was error for the trial court to refuse to admit the second contract in evidence and to deny appellant the right to make his proof in relation to it.

There was further error in this respect when the trial court found that the second contract was without consideration. If the writing itself was not sufficient evidence of considera-

tion under the presumption found in Civil Code, section 1614, the court should not have rejected appellant's offer of proof.

It was also error to refuse to admit evidence that both instruments formed one contract or transaction. Section 1642 of the Civil Code reads: ''Several contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together.'' Appellant offered to prove everything called for by the code section. The authorities are in accord that under those circumstances both agreements are admissible and that evidence tending to show that they come within the terms of the code section should be admitted. (6 Cal.Jur. 301; *People* v. *Ganahl Lumber Co.,* 10 Cal.2d 501 [75 P.2d 1067]; 12 Am.Jur. 781.)

Judgment reversed.

Goodell, J., and Dooling, J., concurred.